◼ CURTIS ROLLAND, Appellant, v NEW PROSPECTS OF BROOKLYN, INC., et al., Respondents. [8 NYS3d 591]—In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated December 19, 2013, which granted the defendants' motion for summary judgment dismissing the complaint, and (2), as limited by his brief, from so much of an order of the same court dated September 22, 2014, as, upon reargument, adhered to its prior determination.

Ordered that the appeal from the order dated December 19, 2013, is dismissed, as that order was superseded by the order dated September 22, 2014, made upon reargument; and it is further,

Ordered that the order dated September 22, 2014, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiff allegedly was injured when he fell from an

interior staircase in an apartment building owned or managed by the defendants. The plaintiff subsequently commenced this action against the defendants to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion and, upon reargument, adhered to that determination.

The defendants demonstrated their prima facie entitlement to judgment as a matter of law by showing that they maintained the subject staircase in a reasonably safe condition (*see generally Basso v Miller*, 40 NY2d 233 [1976]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether there was adequate space between the handrail and the wall adjoining the subject staircase. In that respect, the plaintiff's expert did not refute the averment of the defendants' expert that there was adequate finger clearance between the handrail and the wall.

Accordingly, upon reargument, the Supreme Court properly adhered to its prior determination granting the defendants' motion for summary judgment dismissing the complaint. Skelos, J.P., Balkin, Roman and Hinds-Radix, JJ., concur.