■ GENOVEFFA KOHULKA, Respondent-Appellant, v CITY OF NEW YORK, Appellant-Respondent. [14 NYS3d 480]—In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Baynes, J.), dated June 27, 2014, as denied that branch of its cross motion which was for summary judgment dismissing the complaint, and the plaintiff cross-appeals, as limited by her brief, from so much of the same order as denied her motion for summary judgment on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, and that branch of the defendant's cross motion which was for summary judgment dismissing the complaint is granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff was walking along a cement pathway between

a soccer field and a baseball/football field in Prospect Park, heading toward an ice cream stand. An unidentified person, who was playing soccer alone, errantly kicked a ball, and it sailed past a goalpost and over a four-foot high fence, striking the plaintiff. The plaintiff commenced this action against the City of New York, alleging that it failed to maintain the premises in a reasonably safe condition because the fence separating the goalpost from the pathway was not sufficiently high.

The City established its prima facie entitlement to judgment as a matter of law by demonstrating that it maintained its premises in a reasonably safe condition (*see generally Basso v Miller*, 40 NY2d 233, 241 [1976]; *Rolland v New Prospects of Brooklyn, Inc.*, 128 AD3d 939 [2015]). In opposition to this prima facie showing, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The City's remaining contentions have been rendered academic in light of our determination.

Accordingly, although the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability, it should have granted that branch of the City's cross motion which was for summary judgment dismissing the complaint. Skelos, J.P., Balkin, Chambers and Miller, JJ., concur.